14 CV 7872

**PELTON & ASSOCIATES PC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700

U.S. DISTRICT COURT FILED
S.D. OF N.Y.



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MICHAEL DEVITO, Individually and on Behalf of All Others Similarly Situated,** <br><br> **Plaintiff,** <br><br> **-against-** <br><br> **BESTWEB CORPORATION, ANDREW DICKEY and MARK DICKEY, Jointly and Severally,** <br><br> **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs Michael DeVito ("DeVito" or "Plaintiff"), individually and on behalf of all other similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former electrician foreman for Defendants' electrical and teledata contractor business providing installations to electrical systems for public and private projects throughout Westchester, Rocklin, Putnam, and New York counties. Plaintiff was not paid overtime premium pay for work performed in excess of forty (40) hours in a given workweek and was not paid the appropriate prevailing wage rates and supplemental benefits for his work performed pursuant to contracts entered into between Defendants and public entities, including



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# ____________
DATE FILED: ____________

but not limited to the city government of various New York counties (the "Public Works Projects").

2. Plaintiff brings this action to recover unpaid overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*, and supporting regulations, and to recover unpaid prevailing wages owed to him as a third-party beneficiary of the Public Works Projects. Plaintiff also brings claims for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3. Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and the NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all electricians, technicians, foremen, and all other hourly employees working for Defendants in New York State.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial amount of the events or omissions giving rise to the claim occurred within this District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7. Plaintiff was, at all relevant times, an adult residing in Connecticut.

8. Throughout the relevant time period, DeVito performed work for Defendants on private and Public Works Projects throughout the New York City and Hudson Valley regions.

9. DeVito consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his written consent form is attached hereto and incorporated by reference.

**Defendants:**

10. Upon information and belief, BestWeb Corporation ("BestWeb" or the "Corporate Defendant") is an active New York Corporation with its principle place of business at 25 South Riverside Avenue, Croton-On-Hudson, New York 10520.

11. Upon information and belief, Defendant Mark Dickey ("M. Dickey") is the president and operator of BestWeb who sets the company's payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, M. Dickey was in charge of determining BestWeb's policies with respect to payroll for both private and Public Works Projects, and otherwise running the business of BestWeb.

12. Upon information and belief, Defendant Andrew Dickey ("A. Dickey" and, together with M. Dickey, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") is an owner and officer of BestWeb who sets the company's payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, A. Dickey, in conjunction with M. Dickey, was in charge of determining BestWeb's policies with respect to payroll on their Public Works Projects and otherwise running the business of BestWeb.

13. The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously in their direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

14. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

15. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

16. At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

17. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

18. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since September 29, 2011 and through the entry of judgment in this case (the "Collective Action Period") who worked for Defendants as electricians, technicians, foremen, and other hourly employees (the "Collective Action Members").

19. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40)

hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

20. Plaintiff and the Collective Action Members had substantially similar job duties, work schedules, and were paid by Defendants pursuant to the same or substantially similar payment structure.

**RULE 23 CLASS ALLEGATIONS**

21. Pursuant to the NYLL and the New York common law, Plaintiff brings his Second through Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since September 29, 2011 and through the entry of judgment in this case (the "Class Period") who worked for Defendants as electricians, technicians, foremen, and other hourly employees (the "Class Members").

22. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

23. The Class Members are so numerous that joinder of all members is impracticable.

24. Upon information and belief, there are in excess of forty (40) Class Members.

25. There are questions of law and fact common to the claims of Plaintiff and the claims of the Class. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include whether Defendants had a corporate policy of: failing to pay overtime premiums when employees worked in excess of forty (40)

hours per week; failing to pay prevailing wages to Plaintiff for work performed pursuant to Public Works Contracts; and failing to provide proper wage statements and notices. The answer to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiff on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

26. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, is an electrical installer who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, inter alia, not paid overtime premium pay for hours worked over forty (40) in a given workweek; were not paid prevailing wages for work performed on Public Works Projects; were not provided proper wage statements with each wage payment; and were not provided proper wage notices when hired or before February 1 of each year. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

27. Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own wages.

28. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

29. The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e. whether Defendants breached their contracts with certain government agencies by failing to pay Plaintiff and the Class Members the prevailing wages for work performed pursuant to such contracts;

f. whether Defendants breached their contracts with certain government agencies by failing to pay Plaintiff and the Class Members the prevailing wage supplemental benefits for work performed pursuant to such contracts;

g. whether Defendants breached their contracts with certain government agencies by failing to pay Plaintiff and the Class Members the prevailing wage overtime premiums for work performed in excess of eight (8) hours in a day and for weekend work;

h. whether Defendants failed to provide proper wage statements to Plaintiff and Class Members with each payment of wages detailing, among other information, their wage rate(s), hours worked, overtime wage rate, and time period covered by the wage payment, as required by the NYLL;

h. whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

30. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

31. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Company

32. At all relevant times, Defendant BestWeb has been in the Internet service and electrical and teledata network installation and contracting business. According to BestWeb's website, BestWeb is "headquartered in Northern Westchester and covers the New York Metropolitan and Hudson Valley area. Founded in 1996, BestWeb has serviced over 44,000 customers and has solidified its position in today's technological marketplace." (www.bestweb.net/techs/about.html).

33. Defendants' website also states that "BestWeb appears on two backdrop contracts awarded by the New York State Office of Governmental Services (NYS OGS): The "Statewide Comprehensive Telecommunications Services" award # 20268, and the NYS OGS award #

S960275E.1 for all "IT Services". (www.bestweb.net/techs/govtAgencies.html). The website further provides that "BestWeb is a current provider in the E-Rate Program (our SPIN number is 143005118) and have been awarded a NYS OGS contract for Private Line and Internet Services." (www.bestweb.net/techs/schools.html).

34. Defendant M. Dickey is listed as the Chief Executive Officer of BestWeb in their corporate filings with the New York State Department of State, Division of Corporations.

**Defendants' Prevailing Wage Projects**

35. Upon information and belief, Defendants have entered into certain contracts, as either a subcontractor or prime contractor, with certain government agencies or municipalities, including public school districts such as: East Ramapo Central School District, Pearl River School District, New York School for the Deaf, Greenburgh Central School, Eastchester Central School District, New York State Counsel for the Arts, Byram Hills Central School District, Hastings School District, Mahopac Central School District, Brewster Central, among others, or with prime contractors not currently known, to furnish labor, material and equipment to perform work on these Public Works Projects.

36. Upon information and belief, the contracts for these Public Works Projects required that Defendants pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects, including their direct employees and all other persons furnishing labor on the sites of the Public Works Projects. Upon information and belief, the public works contracts also provided that any subcontracts that Defendants entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

37. As required by law, a schedule containing the prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid to the Plaintiffs should have been annexed to and formed as part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

38. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rated in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and governmental agencies.

**Plaintiffs' Work for Defendants**

39. Plaintiff DeVito worked for Defendants as an electrical technician from on or about April 28, 2011 through on or about May 31, 2014 (the "DeVito Employment Period").

40. Throughout the DeVito Employment Period, Plaintiff DeVito was typically scheduled to work Monday through Friday from approximately 8:00 am to approximately 4:30 pm, and sometimes later, for a total of between approximately forty (40) and fifty (50) hours per week.

41. For his work, when DeVito was hired, he was initially paid $12.00 per hour which was periodically increased throughout the DeVito Employment Period with a final wage rate of $16.00 per hour. DeVito received the same wage rate for his work on both public and Private Works Projects.

42. Notwithstanding the fact that DeVito often worked more than 40 hours per week, including as much as 50 hours in a week, DeVito never received overtime premium pay equal to

one and one-half (1.5) times his regular hourly wage. Instead, Defendants would either: (i) pay DeVito at straight-time rates for all hours, (ii) would shift overtime hours from one week to the next to avoid paying the overtime premium, or (iii) would utilize an informal "comp time" system called "BestWeb Hours" whereby Defendants would at times give employees, including Plaintiff, time off the following week instead of paying them for the overtime that they had worked. Defendants' failure to pay DeVito overtime premium pay for his hours worked in excess of forty (40) in a given workweek was a corporate policy of Defendants that applied to all of Defendants' electrical technicians, installers, foreman, and other hourly employees.

43. Upon information and belief, in furtherance of the public works contracts entered into by Defendants, Plaintiff and the members of the putative Collective Action and Class performed various types of electrical work including, but not limited to, installing (running and terminating new wires) low-voltage electrical, conduit, teledata and video cables (e.g. Cat5), fiber optic wiring and junction boxes.

44. For his work on the Public Works Projects, Defendants paid Plaintiff at his regular hourly rate for all hours worked, including hours in excess of forty (40) hours per week and eight (8) hours per day and/or weekend hours. Defendants thus failed to pay Plaintiff the prevailing rate of wages, overtime wages, and supplemental benefits as required by the Prevailing Wage Schedules for their work on the Public Works Projects.

45. Defendants did not provide Plaintiff or Class Members with a proper wage notice at the time of hire or on February 1 or each year, or proper wage statement(s) with every payment of wages, including the wages paid to employees by personal-style company checks for overtime hours.

46. Defendants have simultaneously employed other individuals like Plaintiff during

the relevant time periods and continuing until today, to perform work as electrical mechanics at Defendants' work sites. As stated, the exact number of such individuals is presently unknown but within the sole knowledge of Defendants and can be ascertained through discovery.

47. Like Plaintiff, Defendants' other employees were required to work for Defendants in excess of forty (40) hours each week, yet Defendants failed to pay Plaintiff and their other employees overtime compensation for hours worked in excess of forty (40) hours per workweek. This refusal to pay Plaintiff and Defendants' other employees overtime compensation for hours worked in excess of forty (40) in a given week was a corporate policy of Defendants that applied to all of Defendants' hourly employees.

48. Defendants entered into contracts with public entities which obligated Defendants to pay Plaintiff and Collective Action Members at or above the local prevailing wage rates, including any required supplementary benefits and overtime premiums for hours worked in excess of forty (40) per week, eight (8) hours per day, and hours worked on Saturday and Sunday. Defendants' failure to pay Plaintiff these prevailing wage rates, supplementary benefits, and overtime premiums was a corporate policy that also applied to all of Defendants' other similarly situated employees.

49. As employees of Defendants who were assigned to work on Defendants' publicly-financed projects, Plaintiff and the collective action members were intended third-party beneficiaries of Defendants' public works contracts.

50. Defendants failed to pay Plaintiff and the collective action members at the appropriate prevailing wage rates for their publicly financed contracts, yet upon information and belief, Defendants were compensated under these contracts as though they had paid the appropriate prevailing wage rates to Plaintiffs and the members of the collective action.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

51. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**

55. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of

pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

57. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – WAGE NOTICE VIOLATIONS**

58. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

60. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the

violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS**

61. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

63. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

64. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. Upon information and belief, the public works contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiff and the employees performing work pursuant to such contracts.

66. Those prevailing rates of wages and supplemental benefits were made part of the public works contracts for the benefit of the Plaintiff and the other employees performing work pursuant to such contracts.

67. Defendants' failure to pay Plaintiff at the correct prevailing wage rates for straight time, overtime, and supplemental benefits for work performed on Public Works Projects constituted a material breach of the contracts entered into between Defendants and certain public entities.

68. As a result of Defendants' failure to pay Plaintiff at prevailing wage rates, they are entitled to relief from Defendants for breach of contract under New York common law of contracts.

**SIXTH CAUSE OF ACTION**
**UNJUST ENRICHMENT & QUANTUM MERUIT**
**(Pled In The Alternative)**

69. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70. Based on Defendants' failure to pay Plaintiff the appropriate prevailing wage rates, Defendants were unjustly enriched at the expense of Plaintiff.

71. Equity and good conscience require that Defendants pay restitution to Plaintiff.

72. Upon information and belief, when Defendants entered into the public works contracts, they agreed to pay the required prevailing wages, overtime, shift-differential and holiday premiums, and supplemental benefit rates of pay to Plaintiffs and other employees who performed work pursuant to these contracts.

73. Plaintiff provided valuable services to Defendants on prevailing wage projects for which Plaintiff expected compensation. Defendants knowingly accepted such services yet failed to pay Plaintiff the reasonable value of such services as defined by the New York City prevailing wage schedules.

74. As a result of Defendants' failure to pay Plaintiff at prevailing wage rates on prevailing wage jobs and Defendants' corresponding unjust enrichment, Plaintiff is entitled to relief from Defendants under New York's common law of unjust enrichment.

75. As a result of Defendants' failure to pay Plaintiff the reasonable value of the valuable services they rendered, Plaintiff is entitled to relief from Defendants under New York's common law of quantum meruit.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in

this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An order declaring that Defendants are guilty of unjust enrichment and breach of contract under New York common law;

h. An award of wages at the required prevailing wage rate, along with daily overtime premiums, weekend premiums, supplemental benefits and such other benefits required to be paid to Plaintiff pursuant to Defendants' contracts with public entities;

i. Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to

occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j. One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

l. An award of prejudgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
September 29, 2014

**PELTON & ASSOCIATES PC**

By: ______________________

Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs, the putative collective, and class*

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of BestWeb Corporation and its owners, officers, managers, related companies, subsidiaries, predecessors, directors, officers, franchisees and affiliates to pay me proper prevailing wages for all hours worked and/or overtime premiums for work in excess of forty hours per week as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

[signature] 9/9/14 — Michael DeVito

Signature — Date — Printed Name